## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### NORTHERN DIVISION

GLEN A. THROESCH                                                    PLAINTIFF


v.                                    3:25-cv-00250-BSM-JJV


FRANK BISIGNANO,
Commissioner,
Social Security Administration,                                    DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Brian S. Miller.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

## RECOMMENDED DISPOSITION

Plaintiff, Glen Throesch, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits and supplemental security income.  The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers he could perform despite his impairments.  (Tr. 21-34.)

The review function is extremely limited.  A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole

and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detract from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff is fifty-six years old. (Tr. 47.) He has a high school education, earned a vocational-technical diploma as a diesel mechanic, (*id*.), and has past relevant work as a farm worker and metal door assembler. (Tr. 32.)

The ALJ[1] found Mr. Throesch had not engaged in substantial gainful activity since August 1, 2022 – the alleged onset date. (Tr. 24.) He has "severe" impairments in the form of "chronic obstructive pulmonary disease (COPD), diabetes mellitus, obesity, anxiety disorder, depression,

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

and alcohol abuse disorder." (Tr. 24.) The ALJ further found Mr. Throesch did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 25-27.)

The ALJ determined Mr. Throesch had the residual functional capacity (RFC) to perform a slightly reduced range of light work given his physical and mental impairments. (Tr. 27.) Given this RFC finding, the ALJ determined Mr. Throesch could no longer perform his past relevant work. (Tr. 32.) Accordingly, the ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite his impairments. (Tr. 60-63.) Based in part on the testimony of the vocational expert, the ALJ determined Plaintiff could perform the jobs of routing clerk, price tag ticketer, and sales attendant. (Tr. 34.) Accordingly, the ALJ determined Mr. Throesch was not disabled. (*Id*.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-5.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of his Complaint, Plaintiff argues that the ALJ failed to properly evaluate his borderline age status. (Doc. No. 9 at 9-11.) He says, "Here, Plaintiff was within approximately six weeks of age fifty-five at the time of the ALJ's decision. The ALJ acknowledged the borderline age issue but summarily rejected application of the higher category without meaningful analysis." (*Id.* at 10.)

The Commissioner responds:

The determination of whether to apply a higher age category is within the discretion of the Commissioner. *See* 20 C.F.R. §§ 404.1563(b), 416.963(b) ("If you are within a few days to a few months of reaching an older age category . . . we will consider whether to use the older age category after evaluating the overall impact of all the

---

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

factors of your case.") (emphasis added). Consistent with this regulatory language, the Eighth Circuit applies a highly deferential standard to the agency concerning the analysis of borderline age situations. As the Eighth Circuit stated in *Phillips v. Astrue*, 671 F.3d 699 (8th Cir. 2012), "a mere statement by the Commissioner that he considered the borderline situation would likely suffice" to show that the Commissioner considered applying a higher age rule. Id. at 706 (citing *Van Der Maas v. Comm'r of Soc. Sec.*, 198 F. App'x 521, 527 (6th Cir. 2006)).

(Doc. No. 10 at 4.)

I have carefully considered Plaintiff's argument and the Commissioner's response. I find the Commissioner's argument to be highly persuasive. I note that Plaintiff has not provided any case law directly on point and believe the ALJ had discretion to consider Plaintiff's age as he did. There is no reversible error here.

Plaintiff next takes exception to the ALJ discounting the opinions of Kristie Branscum, APRN. (Doc. No. 9 at 11-13.) Ms. Branscum provided a document entitled, Medical Opinion – Physical Conditions, whereby she stated Mr. Throesch is extremely limited. (Tr. 584-587.) She also provided a Medical Opinion finding Plaintiff was limited to sedentary work and would need to be "off-task" due the side effects of medication, fatigue and the effects of pain at least 25%. (Tr. 592.) The ALJ found her opinions to be "unpersuasive" because, "This opinion is poorly supported and is inconsistent with the exams in the conservative treatment history because the claimant did not have any COPD exacerbations that required hospitalization." (Tr. 32.) The ALJ further stated, "Further, this opinion was not supported based on the examination results because," but failed to complete his remaining thoughts. (*Id.*) Plaintiff argues that the ALJ's failure here "prohibits meaningful judicial review." (Doc. No. 9 at 12.)

I have carefully considered Plaintiff's arguments on these points and find them to be without merit. While it is troubling to have the ALJ's analysis incomplete, I find no reversible error. Ms. Branscum's opinions are indeed poorly supported. On this basis alone, I find the ALJ

could rest his hat on both supportability and consistency.  Especially since Ms. Branscum's opinions are contradicted by the opinions of State Agency doctors Rachel Morrisey, Ph.D., (Tr. 70-71), Darrin Campo, M.D., (Tr. 83-85), Abesie Kelly, Ph.D., (Tr. 92-94), and Chen Wang, M.D., (Tr. 95-97), and consulting doctors Kenneth Holder, M.D. (who performed a General Physical Examination (Tr. 445-449)), and Vickie Brewer Caspall, Ph.D. (who performed a Mental Diagnostic Evaluation (Tr. 474-479).)  All these doctors concluded Plaintiff was not disabled.  I recognized the ALJ found these doctors persuasive to varying degrees, but found them persuasive nonetheless.  Accordingly, I find no merit to Plaintiff's argument on this point.

Plaintiff clearly suffers from at least some degree of limitation from both his physical and mental impairments.  And his counsel has done an admirable job advocating for his rights in this case.  However, the objective medical records simply fail to support a claim of *complete disability*.

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A).  A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of

5

the hearing, and the medical and other evidence.  There is ample evidence on this record that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 14th day of May 2026.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE